**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**YEWULSEW ZENTO**,

*Plaintiff*,

v. Case No. 2:26-cv-02010-BCL-tmp

**HARLEY H. SHELTON, GEICO CASUALTY COMPANY, GEICO SECURE INSURANCE COMPANY, AND CITY OF MEMPHIS, TENNESSEE**,

*Defendants*.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND REMANDING TO THE MAGISTRATE JUDGE**

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered June 22, 2026.[1] Doc. 51. The Report recommends that the Court dismiss the federal law claims against the City, decline supplemental jurisdiction, and dismiss the remaining state law claims without prejudice. *Id.* at 21. Plaintiff filed timely objections to the Chief Magistrate Judge's recommendation. Doc. 60. For the reasons that follow, the Court: (1) **SUSTAINS** Plaintiff's objection concerning leave to amend, (2) **OVERRULES** Plaintiff's other objections (Doc. 60), (3) **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation, and (4) **REMANDS** for further consideration of Plaintiff's motion for leave to amend (and any other issues that must be addressed as a result of the remand). Doc. 51.

---

[1] The case was originally assigned to Chief Judge Sheryl H. Lipman. Doc. 1. Chief Judge Lipman then transferred the case to the undersigned in March 2026. Doc. 24.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## FINDINGS OF FACT

Because no Party has filed a specific objection to the Chief Magistrate Judge's Proposed Findings of Fact, those Proposed Findings are adopted by the Court.

## ANALYSIS

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds as follows.

### I. Plaintiff's second through fifth objections to the Report fail to show that the Chief Magistrate Judge erred in his analysis.

**A.** In what Plaintiff labels as Objection 2, Plaintiff protests that the Chief Magistrate Judge "rejected [the foreseeable-consequences theory of *Monell* liability] without adequately

engaging with the specific facts of the document tampering incident." Doc. 60 at 7. Plaintiff appears to argue that alleged tampering with his ticket at the courthouse is so egregious that it can only be explained by a municipal custom or policy of tolerance, or perhaps that it must have been obvious to the City that such document tampering would occur without training or supervision aimed at prohibiting it. The argument is unpersuasive: Plaintiff has not alleged facts plausibly showing a custom or policy of tolerating tampering with traffic tickets, and the action is so obviously wrong and carries so little gain for the employee that it is not plausible to conclude that the City must have known—with no other incidents—that it would occur without training or supervision aimed at preventing it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). "Allowing Plaintiff's single incident to support a finding of municipal liability would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard." *Doe v. Shelby Cnty. Gov't*, No. 2:18-cv-02637-JPM-tmp, 2020 WL 5995507, at *7 (W.D. Tenn. Oct. 9, 2020) (internal citation omitted). This objection therefore is **OVERRULED**.

**B.** In what Plaintiff labels Objection 3, Plaintiff argues that the Report and Recommendation improperly treated his claim concerning use of "statutorily noncompliant" automated ticketing system as involving an alleged "custom[] of tolerance for constitutional violations," rather than an official municipal policy. Doc. 60 at 9–10. This argument fails because even if the claim is treated as challenging a policy, the complaint contains no facts that, taken as true, plausibly show that the use of the automated ticketing system itself violated the Constitution

or even caused constitutional violations. *See Iqbal*, 556 U.S. at 682 (stating that a complaint must contain facts that plausibly show unconstitutionality); *Twombly*, 550 U.S. at 557. This objection is **OVERRULED**.

**C.** In what Plaintiff labels Objection 4, Plaintiff argues that the Report and Recommendation erroneously rejected his due process claim based on a "post-deprivation remedy"—namely, the March 20, 2025 "dismissal of the citation and default judgment." Doc. 60 at 10. This objection is **OVERRULED** because the Report and Recommendation nowhere relied on the existence of a post-deprivation remedy in recommending dismissal of Plaintiff's claims.

**D.** In what Plaintiff labels Objection 5, Plaintiff faults the Report and Recommendation for "fail[ing] to engage with Plaintiff's specific race-based allegations"—that is, his claims that the police officers investigating his accident treated him differently on account of his race. Doc. 60 at 11–12. Analysis of the individual officers' purported discriminatory actions was unnecessary because Plaintiff has sued the City of Memphis and yet failed to identified a municipal custom or policy as required to state a claim for municipal liability under *Monell.* Doc. 51 at 18. This objection is **OVERRULED**.

**II. Plaintiff's objection regarding leave to amend is SUSTAINED.**

In what he labels Objection 1, Plaintiff contends that the Report and Recommendation erred in recommending dismissal of his federal claims "without recommending that Plaintiff be allowed to cure any alleged pleading deficiencies through amendment." Doc. 60 at 6. To be clear: Plaintiff is already on his first amended complaint, and the Report and Recommendation did not address amendment of the complaint one way or another.

This objection is **SUSTAINED.** The Report should have expressly addressed Plaintiff's request to amend the complaint, which Plaintiff submitted in opposing the motion to dismiss (Doc. 31 at 14).

The Court recognizes that this error could be deemed harmless because Plaintiff filed a subsequent motion for leave to file a second amended complaint, attaching the proposed second amended complaint (Doc. 61), and Chief Magistrate Judge Pham denied the Motion as futile because Plaintiff's "Second Amended Complaint . . . still fails to plead Section 1983 liability under *Monell*." Doc. 81 at 2. But Plaintiff has filed a document purporting to appeal that Order (Doc. 82), and he correctly notes that the magistrate judge should have addressed the Motion for Leave to Amend through a report and recommendation because the order denying leave to amend functionally disposed of Plaintiff's claims—as confirmed by the fact that it rested on a finding of futility based on application of the standard governing motions to dismiss. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation.").

In any event, whether or not the Order denying leave to amend is properly deemed nondispositive, the Court cannot meaningfully review it at this time. As Plaintiff notes, the Order simply denies leave to amend as "futile" without any explanation for why indisputably new allegations do not shore up the claims. In failing to adequately "state the basis for . . . denial," the Order runs afoul of both the requirements for addressing a motion for leave to amend, *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002), and the need to provide a basis for district court review of the decision, *see Atwood v. Graham Lumber Co., LLC*, 2015 WL 430119, at *2 (W.D. Tenn. 2015); *Saleh v. Am. Steamship Co.*, 2010 WL 4922516, at *1 (E.D. Mich. Nov. 29,

2010). To be clear, the undersigned is not opining that Plaintiff's Motion for Leave to Amend is (or is not) non-futile, but rather only that the Magistrate Judge should provide further analysis of the issue in order to facilitate review. Plaintiff's objection regarding leave to amend therefore is **SUSTAINED** and the matter is **REMANDED** to the Magistrate Judge for more explanation and further consideration of Plaintiff's Motion for Leave to Amend (and any other matters that must be addressed as a result of the remand). *Cf. Atwood* No. 14-1032, 2015 WL 430119, at *2 (referring back to the magistrate judge for not "specifically discuss[ing]" an issue).

### III. Plaintiff's objection to the recommendation to deny supplemental jurisdiction is overruled.

Having recommended dismissal of Plaintiff's federal claims, the Report and Recommendation recommended declining supplemental jurisdiction of Plaintiff's state law claims. Doc. 60 at 13. Plaintiff objects that the Report and Recommendation failed to consider the relevant factors and, to the extent it did, improperly balanced them. Doc. 60 at 13. This objection is **OVERRULED** because the Chief Magistrate Judge fully considered the governing factors and appropriate applied them *if one accepts, as the Magistrate Judge recommended, dismissal of Plaintiff's federal claims. See Kiner v. City of Memphis, TN*, No. 25-5544, 2026 WL 1065014, at *4 (6th Cir. Apr. 14, 2026) (stating that "there is a 'strong presumption' that district courts will decline to exert jurisdiction over state-law claims when they dismiss the federal claims" (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996))). If that changes—if the federal claims remain in the case due to revisiting the Motion to Amend—the supplemental jurisdiction calculus might change. The Court expresses no opinion on the question at this time.

## CONCLUSION

For the foregoing reasons, the Court: (1) **SUSTAINS** Plaintiff's objection concerning leave to amend, (2) **OVERRULES** Plaintiff's other objections (Doc. 60), (3) **ADOPTS IN PART AND**

**REJECTS IN PART** the Report and Recommendation, and (4) **REMANDS** for further consideration of Plaintiff's motion for leave to amend (and any other issues that must be addressed as a result of the remand). Doc. 51.

**IT IS SO ORDERED**, this 24th day of August, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE